1

2

3

4

5

6                              UNITED STATES DISTRICT COURT

7                              EASTERN DISTRICT OF CALIFORNIA

8

9    LISA MARIE MARTINEZ LEWIS,              Case No. 1:22-cv-00556-DAD-EPG

10                    Plaintiff,              SCREENING ORDER

                                             ORDER FOR PLAINTIFF TO:
11           v.
                                             (1) FILE A FIRST AMENDED COMPLAINT;
12   AVA MORALLEZ, MADERA POLIC              OR
     DEPT.,
13                                           (2) NOTIFY THE COURT THAT SHE
                    Defendants.              WISHES TO STAND ON HER COMPLAINT
14
                                             (ECF NO. 1)
15
                                             THIRTY (30) DAY DEADLINE
16

17          Plaintiff Lisa Marie Martinez Lewis ("Plaintiff") is proceeding *pro se* and *in forma*

18   *pauperis* in this action.  Plaintiff filed a complaint on May 10, 2022, which is now before the

19   Court for screening. (ECF No. 1).  The complaint generally alleges that the Madera Police

     Department discriminated against her and took nude photos of her.
20
            The Court has reviewed Plaintiff's complaint and finds that Plaintiff fails to state any
21
     cognizable claims. Plaintiff now has the following options as to how to move forward. Plaintiff
22
     may file an amended complaint if she believes that additional facts would state a cognizable claim
23
     or claims. If Plaintiff files an amended complaint, the Court will screen that amended complaint
24
     in due course. Or Plaintiff may file a statement with the Court that she wants to stand on her
25
     complaint and have it reviewed by the District Judge, in which case the Court will issue findings
26
     and recommendations to the District Judge consistent with this order.
27   \\\

28   \\\

                                                   1

## I.      SCREENING REQUIREMENT

As Plaintiff is proceeding *in forma pauperis*, the Court screens the complaint under 28 U.S.C. § 1915. (ECF No. 5). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II.     SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff's complaint alleges that she has a "1370 case" with officer manipulated photos, nude of the breast area.  She claims that nude photos were taken by an officer's personal use camera, which is a red nikkon camera.  She claims that discrimination has been ongoing since 2018.  She states that "[t]hey have been arresting me for bogus crimes."  She also claims that she was followed by an officer to a child location to visit children.  She claims that charges were dropped and re-issued.  She names as defendants Ava Morallez of the Madera Police Department, as well as the Department itself.

The complaint attaches a letter from a defense attorney to Plaintiff explaining that Plaintiff was found to be not competent to stand trial and has been committed to the State Hospital for

1    treatment of underlying mental health conditions.  It provides information about the commitment

2    proceedings and when Plaintiff would have a right to trial before further commitment.

3    **III.     ANALYSIS**

4            A.      **Section 1983**

5

6            The Civil Rights Act under which this action was filed provides:

7            Every person who, under color of any statute, ordinance, regulation, custom, or
             usage, of any State or Territory or the District of Columbia, subjects, or causes to
             be subjected, any citizen of the United States or other person within the
8            jurisdiction thereof to the deprivation of any rights, privileges, or immunities
             secured by the Constitution and laws, shall be liable to the party injured in an
9            action at law, suit in equity, or other proper proceeding for redress....

10   42 U.S.C. § 1983.  "[Section] 1983 'is not itself a source of substantive rights,' but merely

11   provides 'a method for vindicating federal rights elsewhere conferred.'"  *Graham v. Connor*, 490

12   U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also*

13   *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*,

14   697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir.

15   2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

16           To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted

17   under color of state law, and (2) the defendant deprived him of rights secured by the Constitution

18   or federal law.  *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also*

19   *Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of

20   state law").  A person deprives another of a constitutional right, "within the meaning of § 1983,

21   'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act

22   which he is legally required to do that causes the deprivation of which complaint is

23   made.'"  *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007)

24   (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).  "The requisite causal connection

25   may be established when an official sets in motion a 'series of acts by others which the actor

26   knows or reasonably should know would cause others to inflict' constitutional

27   harms."  *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743).  This standard of

28   causation "closely resembles the standard 'foreseeability' formulation of proximate cause."

1   *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of*

2   *Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

3          A plaintiff must demonstrate that each named defendant personally participated in the

4   deprivation of his rights.  *Iqbal*, 556 U.S. at 676-77.  In other words, there must be an actual

5   connection or link between the actions of the defendants and the deprivation alleged to have been

6   suffered by the plaintiff.  *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691,

7   695 (1978).

8          Supervisory personnel are not liable under section 1983 for the actions of their employees

9   under a theory of *respondeat* superior and, therefore, when a named defendant holds a

10  supervisory position, the causal link between the supervisory defendant and the claimed

11  constitutional violation must be specifically alleged.  *Iqbal*, 556 U.S. at 676-77; *Fayle v. Stapley*,

12  607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld,* 589 F.2d 438, 441 (9th Cir. 1978).  To

13  state a claim for relief under section 1983 based on a theory of supervisory liability, a plaintiff

14  must allege some facts that would support a claim that the supervisory defendants either: were

15  personally involved in the alleged deprivation of constitutional rights, *Hansen v. Black*, 885 F.2d

16  642, 646 (9th Cir. 1989); "knew of the violations and failed to act to prevent them," *Taylor v.*

17  *List*, 880 F.2d 1040, 1045 (9th Cir. 1989); or promulgated or "implement[ed] a policy so deficient

18  that the policy itself is a repudiation of constitutional rights and is the moving force of the

19  constitutional violation," *Hansen*, 885 F.2d at 646 (citations and internal quotation marks

    omitted).

20         For instance, a supervisor may be liable for his or her "own culpable action or inaction in

21  the training, supervision, or control of his [or her] subordinates," "his [or her] acquiescence in the

22  constitutional deprivations of which the complaint is made," or "conduct that showed a reckless

23  or callous indifference to the rights of others."  *Larez v. City of Los Angeles*, 946 F.2d 630, 646

24  (9th Cir. 1991) (citations, internal quotation marks, and brackets omitted).

25         **B.     Rule 8(a)**

26         As set forth above, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint

27  to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

    Fed. R. Civ. P. 8(a)(2).  Although a complaint is not required to include detailed factual

28

allegations, it must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  It must also contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77.

Plaintiff's complaint does not comply with this rule.  It is not clear from the face of the complaint what Plaintiff contends defendants did that violated her constitutional rights.  Plaintiff generally alleges that she has been discriminated against and given "bogus" charges, but there is no information about who did what related to this alleged discrimination.  Plaintiff also alleges that someone used a camera to take naked pictures of her, but there are not enough facts to determine if this violated her constitutional rights.  Plaintiff does not give any further information such as who took the photos, how they were used, why they were taken, or whether they were evidence in some case involving Plaintiff. Plaintiff also does not provide any information about someone taking her to a child location.  The Court cannot determine from the complaint whether defendants Ava Morallez or the Madera Police Department have done anything that would violate Plaintiff's constitutional rights.

The Court will give Plaintiff leave to amend her complaint if she chooses to do so.  If she files an amended complaint she should describe what each defendant did or failed to do and why it violated her constitutional rights.  She should also explain in what way the claims relate to pending criminal proceedings against her.

### C.      Legal Standards

If Plaintiff chooses to file an amended complaint, the following legal standards may be useful to consider.

"The touchstone of the Fourth Amendment is reasonableness." *Florida v. Jimeno*, 500 U.S. 248, 250, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991) (citing *Katz v. United States*, 389 U.S. 347, 360, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967)). Determining the reasonableness of a particular search involves balancing the degree to which the search intrudes upon an individual's privacy against the degree to which the search is needed to further legitimate governmental interests.

5

*United States v. Knights*, 534 U.S. 112, 118–19, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001). The required factors to consider are: "(1) the scope of the particular intrusion, (2) the manner in which it is conducted, (3) the justification for initiating it, and (4) the place in which it is conducted." *Byrd v. Maricopa Cty. Sheriff's Dep't*, 629 F.3d 1135, 1141 (9th Cir. 2011) (citing *Bell v. Wolfish*, 441 U.S. 520, 559, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979) (internal quotation marks omitted)). Additionally, the Ninth Circuit has held that an individual's naked body is the most basic subject of privacy. Casual, restricted, and obscured viewing of a prison inmate's naked body is constitutionally permitted if it is justified by legitimate government interests such as prison security needs. *Ioane v. Hodges,* 939 F.3d 945, 956 (9th Cir. 2018) (internal citations and quotations omitted).

## IV.      CONCLUSION AND ORDER

The Court finds that Plaintiff's complaint fails to state any cognizable claims.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above.  *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000).  Plaintiff is granted leave to file an amended complaint within thirty days.

If Plaintiff chooses to file an amended complaint, the amended complaint must allege violations under the law as discussed above. Plaintiff should note that although she has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

1    Alternatively, Plaintiff may choose to stand on this complaint, in which case the Court

2  will issue findings and recommendations to a district judge recommending dismissal of the action

3  consistent with this order.

4    Based on the foregoing, it is HEREBY ORDERED that:

5    1.    Within thirty (30) days from the date of service of this order, Plaintiff shall either:

6      a.  File a First Amended Complaint; or

7      b.  Notify the Court in writing that she wants to stand on her complaint;

8    2.    Should Plaintiff choose to amend his complaint, Plaintiff shall caption the

9      amended complaint "First Amended Complaint" and refer to the case number

10      1:22-cv-00556-DAD-EPG; and

11    3.    Failure to comply with this order may result in the dismissal of this action.

12  IT IS SO ORDERED.

13    Dated:    **July 26, 2022**            /s/ _Erica P. Grosjean_

14                      UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28